ANDREW CIRA AND ANNA CIRA, HIS WIFE, PLAINTIFFS, v. KAROL GUSCIORA AND JACOB SERAFIN, DEFENDANTS.

Submitted January 17, 1940—Decided March 11, 1940.

Before Justice HEHER, at the Passaic Circuit.

For the plaintiffs, *William R. Vanecek.*

For the defendant, *Samuel M. Weissman.*

HEHER, J. This action was brought on a promissory note made by defendant Gusciora to the order of plaintiffs, and endorsed by the maker and the defendant Serafin. Service of the summons and complaint was made upon both defendants. Serafin answered denying his endorsement, but Gusciora defaulted. Issue was joined; and the cause came on for trial on February 1st, 1932, at the Passaic Circuit, before Circuit Judge Mackay and a jury on the usual notice of trial to the answering defendant. Neither defendant appeared. Plaintiffs adduced evidence in support of the allegations of the complaint; and it is now made to appear that, at the direction of the trial judge, the jury returned "a general verdict against the defendants and in favor of the plaintiffs for $1,539.85."

There was no return to this court of "the transcript with the verdict and other proceedings had thereon," as directed by section 209 of the Practice act of 1903 (*Comp. Stat.* 1910, *p.* 4117, now *R. S.* 1937, 2:27-188), and therefore no judgment upon the verdict; and, Judge Mackay having died in the meantime "before signing the *postea,*" plaintiffs now produce "the circuit record with the *postea* annexed," certified and sealed by the clerk of the Passaic Circuit Court as provided in the cited provision of the statute, and ask for judgment thereon against both defendants. See rule 117 of this court.

Seasonable notice of the application was given to each defendant. Serafin has not entered his appearance. Conced-

ing that he "could have no objection to the entry of final judgment provided satisfactory compliance with the Supreme Court rule, in effect at the time, was had," Gusciora, invoking rule 68 of the schedule of rules annexed to the Practice act of 1912 (*Pamph. L., pp.* 377, 396), now rule 90 of this court, maintains that it was incumbent upon plaintiffs, "prior to the assessment of damages * * * to give this defendant fifteen days' notice of their intention so to do;" that no such notice was given to him; and that this was a fatal departure from procedural requirements which deprives the court of jurisdiction to enter judgment against him on the *postea.*

The point is not well made. The last-cited rule of this court, providing for the assessment of damages by a jury drawn from the general panel on fifteen days' notice to the defendant where there has been a judgment by default, in lieu of a writ of inquiry, is not applicable to an action upon a promissory note.

Section 136 of the Practice act of 1903 (*Comp. Stat.* 1910, *p.* 4096, now *R. S.* 1937, 2:27-195) provides that, "If interlocutory judgment in an action on contract is entered by default, where the damages or sum recoverable are a mere matter of calculation or can readily be ascertained, the plaintiff may have his damages assessed by the court, or if the court is not actually in session, by a judge or the clerk, unless a rule shall be entered for a writ of inquiry or an order be made for assessment of damages in open court." See *Peacock* v. *Haney,* 37 *N. J. L.* 179; *Simmons* ads. *Kelly,* 39 *Id.* 438. And rule 89 of this court directs that, "In all cases of assessment of damages to be made by the court, or any justice thereof or by the clerk," in an action upon a promissory note, a copy of the instrument "shall be included in the assessment," and the original "produced before the court or officer making such assessment," or proof of its loss or destruction made by affidavit.

Yet judgment cannot be entered against the defendant Gusciora. Examination of the record in the clerk's office reveals that there has been no interlocutory judgment by default against him, and so plaintiffs' only recourse now is to rule him to plead. *R. S.* 1937, 2:27-118, derived from section

100 of the Practice act of 1903 (*Comp. Stat.* 1910, *pp.* 4053, 4082). See *Whitney* v. *Merchants' National Bank,* 40 *N. J. L.* 481; *Broad and Market National Bank* v. *Wiesen,* 99 *Id.* 331.

Since the defendant Serafin interposes no objection, plaintiffs may enter judgment against him on the *postea.* And they may have a rule to plead directed to the defendant Gusciora. There is no suggestion of laches in the legal sense.